IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-82441-TLS |
| | ) | |
| MICHAEL JOHN OLSON, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on May 26, 2009, on Debtor's Objection to Claim of Teri L. Olson (Fil. #41), and a Resistance filed by Teri L. Olson (Fil. #42). Erin M. McCartney appeared for Debtor, and Marion Pruss appeared for Ms. Olson.

Ms. Olson has filed a "priority" claim for a domestic support obligation in the amount of $6,771.25. Debtor does not believe he owes this amount as a domestic support obligation, and has obtained relief from the automatic stay to proceed in state district court to determine the validity of the debt. Debtor objects to the claim and proposes disallowing the claim until clarification has been received from the state court.

On September 25, 2008, Debtor filed his plan in this case. The plan did not address the indebtedness owed to his former spouse, Teri L. Olson. On November 9, 2008, Ms. Olson objected to confirmation of the plan for failing to address her priority claim. Debtor resisted, asserting that he did not believe she possessed a priority claim. The matter was set for hearing and subsequently continued. A few days before the rescheduled hearing on the confirmation of plan, the parties advised the Court that the matter had been settled.

On January 16, 2009, the parties entered into a Stipulated Order Confirming Plan (Fil. #33). That order acknowledges that Ms. Olson had objected to the plan and filed a proof of claim in the amount of $6,771.25 for mortgage payments owed pursuant to a temporary order in their divorce proceeding. It further provides: "By agreement between the Debtor and Teri L. Olson, Debtor's plan shall include payments to Teri L. Olson for the priority claim of these mortgage payments in the amount of $6,771.25." That order was prepared by counsel for Debtor and approved by counsel for Ms. Olson. As a result of that agreement, Debtor was able to obtain confirmation of his plan.

Apparently, Debtor has now had a change of heart as to whether he actually owes those amounts to Ms. Olson. Debtor wants to go back to the state district court to argue his liability for those amounts. However, he has not presented any evidence that the stipulated confirmation order was entered into as a result of fraud, misunderstanding, mistake, or otherwise. In fact, Debtor has offered no evidence at all.

In order to obtain confirmation of his plan, Debtor entered into a stipulation to treat the claim of Ms. Olson as a priority claim. Debtor has not presented any evidence to the contrary and is bound by the stipulated confirmation order. The plan is confirmed and is res judicata. *Russell v. Transport Funding, L.L.C. (In re Russell)*, 386 B.R. 229, 231 (B.A.P. 8th Cir. 2008); 11 U.S.C. § 1327(a).

IT IS, THEREFORE, ORDERED that the Objection to Claim (Fil #41) is overruled.

DATED: May 28, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Erin M. McCartney
    Marion Pruss
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.